IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DARRELL W. HOLLIS                                                                              PLAINTIFF

v.                       Civil No. 05-1074

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                        DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

Plaintiff, Darrell Hollis, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his applications for disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423,* and supplemental security income benefits (hereinafter "SSI"), and § 1602 of Title XVI, *42 U.S.C. § 1381a,* respectively.

Plaintiff was 40 years of age at the time of the administrative hearing and has a twelfth grade education (T. 152, 64, 93). He has past relevant work as: a wholesale driver, electrician's assistant and maintenance worker (T. 168, 70). Plaintiff asserts disability due to: chronic pancreatitis, fatigue, hypertension, and pain.

The procedural history is recounted in the parties' appeal briefs and in the ALJ's decision and is not contested.

Plaintiff filed his applications on June 6, 2003 (T. 51-53, 141-143). The applications were denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on February 2, 2005 (T.

151-172), after which the ALJ rendered an unfavorable decision on May 16, 2005 (T. 11-22). In his written decision, the ALJ found: plaintiff met the special insured status requirements of the Act as of August 7, 2002, the alleged onset date, through December 31, 2007; he has no engaged in any substantial gainful work since the onset date; plaintiff has diagnoses of/treatment for pancreatitis, essential hypertension and substance addiction disorder/abuse (alcohol), in remission, but does not have an impairment or combination of impairments of the requisite severity to meet or medically or functionally meet an impairment contained in the Listing of Impairments in Appendix 1, Subpart P, Regulation No. 4; his testimony and subjective allegations are credible only to the extent that he remains capable of performing sedentary work with environmental restrictions; plaintiff retains the residual functional capacity (hereinafter "RFC"), for a full range of sedentary work, but must avoid working around chemicals, noise, humidity, dust, fumes, temperature extremes, vibrations, gasses, or other pulmonary irritants, and should not work around excessive heat, and thus must work in a clean air environment (T. T. 20).

Further, the ALJ found that plaintiff "would/should experience no more than mild to moderate pain. Vocational expert testimony established that plaintiff was unable to return to any of his past relevant work (hereinafter "PRW"). However, the VE also testified that plaintiff remains capable of working as a repair order clerk, and there are 2.140 such jobs in Arkansas, and 249,000 in the United States of America (T. 21). In addition, the VE's determination is supported by "Rule201.28 and Rule 201.29 of Table No. 1 of the Medical-Vocational Guidelines in Appendix 2 to Subpart P of Regulations No. 4", and accordingly, the ALJ found that plaintiff has not been under a disability at any time through the date of the

decision. (T. 21).

By Order entered July 12, 2005, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 3-5), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision. See *42 U.S.C. § 405(g)*. Each party has filed an appeal brief, herein (Doc. #9 & 10), and this matter is now ready for consideration.

**Applicable Law:**

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.2002)*. Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir.2003)*. As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari, 258 F.3d 742, 747 (8th Cir.2001)*. In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir.2000)*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted or can be expected to last at least one year or result in death, and that prevents him from engaging

-3-

in any substantial gainful activity. *Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A)*. The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *42 U.S.C. § § 423(d)(3), 1382c(3)(C)*. A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See *20 C.F.R. § § 404.1520(a)-(f)(2003)*. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. See *McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C .F.R. § § 404.1520, 416.920 (2003)*.

Further, the ALJ may discredit subjective complaints which are inconsistent with the record as a whole. *Ownbey v. Shalala*, *5 F.3d 342, 344 (8th Cir.1993)*. The law on this issue is clear. Under *Polaski v. Heckler*, *739 F.2d 1320, 1321-22 (8th Cir.1984),* "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication;

-4-

and (5) functional restrictions." *Harris v. Shalala*, 45 F.3d 1190, 1193 (8th Cir.1995); see also *Baker v. Sec. of HHS*, 955 F.2d 552, 555 (8th Cir.1992). The absence of an objective medical basis which supports the subjective complaints of pain is just one factor to be considered in evaluating the credibility of a plaintiff's subjective complaints of pain. *Polaski v Heckler, 751 F.2d 943, 948 (8th Cir.1984); see also, Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir.1995)*. The ALJ must "discuss" these factors in the hearing decision. *Herbert v. Heckler, 783 F.2d 128, 131 (8th Cir.1986)(citing Polaski v. Heckler, 751 F.2d 943, 948-950 (8th Cir.1984))*. Consideration must also be given to all the evidence presented related to the claimant's prior work history, and the observations of non-medical third parties, as well as treating and examining physicians related to the above matters. *20 C.F.R. § 416.929; Social Security Ruling 96-7p; Polaski v. Heckler, 751 F.2d 943 (8th Cir.1984)*(subsequent history omitted).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, 739 F.2d at 1322.

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir.1987). The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988).

Implicit in the ALJ's task of making a credibility determination is the requirement that he "discuss" the *Polaski* factors. *Herbert v. Heckler*, *783 F.2d at 130* (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir.1991)* ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, *783 F.2d at 131* (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988).* Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See 20 C.F.R., Pt. 404, Subpart P, Appendix 2, §§200.00(e).*

Residual functional capacity is what a plaintiff can do despite his limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of his limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001);* see also, *Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995); 20 C.F.R.*

-6-

*§§416.945(a).*

When a plaintiff suffers from exertional and nonexertional impairments, as asserted here, and the exertional impairments alone do not warrant a finding of disability, the ALJ must consider the extent to which the nonexertional impairments further diminish the plaintiff's work capacity. *Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir.1988).* If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. *Id.* That is to say, "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Id.* at 349-50. The United States Court of Appeals for the Eighth Circuit has explained as follows:

> In this context, "significant" refers to whether the claimant's nonexertional impairment or impairments preclude the claimant from engaging in the full range of activities listed in the Guidelines under the demands of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.

*Id.* at 350. See also, *Holz v. Apfel, 191 F.3d 945, 947 (8th Cir.1999); Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir.1997); Lucy v. Chater, 113 F.3d 905, 908 (8th Cir.1997).*

Further, since certain 1996 amendments to the Social Security Act, if alcohol or drug abuse comprises a contributing factor material to the determination of disability, the plaintiff's application must be denied. *42 U.S.C. § 423(d)(2)(C); 20 C.F.R § 404.1535.* The relevant

statutory provision states, "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." *42 U.S.C. § 423(d)(2)(C)*. The burden of proving that alcoholism was not a contributing factor material to the disability determination falls on the plaintiff. *Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir.2002),* citing *Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000)*. However, the ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding.

If the ALJ is unable to determine whether substance use disorders are a contributing factor material to the plaintiff's otherwise-acknowledged disability, the plaintiff's burden has been met and an award of benefits must follow. See *Social Security Administration Emergency Teletype, No. EM-96-94 at Answer 29 (Aug. 30, 1996)*, quoted in *Fastner v. Barnhart, 324 F.3d 981, 986 (8th Cir.2003)*. In colloquial terms, as to the issue of the materiality of alcoholism or substance addiction, "a tie goes to the plaintiff." *Brueggemann v. Barnhart 348 F.3d 689, 693 (8th Cir.2003)*.

The plain text of the relevant regulation requires the ALJ first to determine whether the plaintiff is disabled. *20 C.F.R. § 404.1535(a)* (" If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability." (emphasis added)). The ALJ must reach this determination initially, as the ALJ did in *Fastner v. Barnhart, 324 F.3d 981, 986 (8th Cir.2003)*, using the standard five-step approach described in *20 C.F.R. § 404.1520* without segregating out any effects that might be due to substance use

disorders. The ALJ must base this disability determination on substantial evidence of the plaintiff's medical limitations without deductions for the assumed effects of substance use disorders. *Brueggemann v. Barnhart, 348 F.3d at 694*. The inquiry concerns strictly symptoms, not causes, and the rules for how to weigh evidence of symptoms remain well established. Substance use disorders are simply not among the evidentiary factors that precedents and the regulations identify as probative, when an ALJ evaluates a physician's expert opinion in the initial determination of the plaintiff's disability. See *20 C.F.R. § 404.1527.*

If the total of a plaintiff's limitations, including the effects of substance use disorders, suffices to show disability, then the ALJ must next consider which limitations would remain when the effects of the substance use disorders are absent. *Pettit v. Apfel, 218 F.3d 901, 903 (8th Cir.2000); 20 C.F.R. § 404.1535(b)(2)*. The United States Court of Appeals for the Eighth Circuit has previously noted that when the plaintiff is actively abusing alcohol or drugs, this determination will necessarily be hypothetical and, therefore, more difficult than the same task when the plaintiff has stopped. *Pettit v. Apfel, 218 F.3d at 903*. Even though the task is difficult, the ALJ must develop a full and fair record and support his conclusion with substantial evidence on this point just as he would on any other.

Only after the ALJ has made an initial determination that: the plaintiff is disabled; drug or alcohol use is a concern; and, substantial evidence on the record shows what limitations would remain in the absence of alcoholism or drug addiction, may the ALJ then reach a conclusion on whether plaintiff's substance use disorders are a contributing factor material to the determination of disability. If this process proves indeterminate, an award of benefits must follow. *Brueggemann v. Barnhart, 348 F.3d 695.*

AO72A
(Rev. 8/82)

**Discussion:**

The plaintiff contends that the instant matter should be remanded in that the ALJ erred, as follows: in finding his subjective complaints are not credible to the extent alleged; in failing to fully and fairly develop the medical record; and, in relying on testimony elicited by a flawed hypothetical question posed to the VE, as the basis for his determination (Doc. #9, p. 3).

Here, there is a dearth of objective medical evidence. The plaintiff alleges numerous subjective complaints and nonexertional limitations, including: fatigue (T. 63, 66, 80); dehydration (T. 155, 87), extremity and hand numbness (T. 140); and, pain (T. 160, 63, 666, 80, 97, 100, 106, 109, 119, 121, 122, 129, 130, 139). Further, the plaintiff alleges he has no money or insurance with which to pay for medications and treatment (T. 166, 156, 157, 167).

The objective medical evidence contains documentation of conditions, such as chronic pancreatitis (T. 135, 66, 87, 97, 98, 100-101, 103, 105, 106, 108, 110, 119, 121, 122, 123, 123, 129, 138, 139), and essential hypertension (T. 157, 119, 122, 123, 124), that could reasonably be expected to produce pain and limitations of the level plaintiff claims. See *Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir.199)*. The ALJ who determines that a plaintiff's testimony as to pain is not credible must make specific findings explaining that conclusion. E.g., *Baker v. Secretary of Health and Human Services, 955 F.2d 552, 555 (8th Cir.1992)*.

The ALJ, in determining the plaintiff's RFC, and in ultimately determining that the plaintiff is not disabled, relied heavily upon the paucity of objective medical evidence of record. He made his determination as to the severity of plaintiff's alleged impairments, and the credibility of plaintiff's asserted subjective allegations and nonexertional limitations based primarily upon a lack of treatment and prescription medication (T. 15, ¶ 2, ¶ 3; T. 5, ¶5 ; P. 17-

AO72A
(Rev. 8/82)

18).

The failure to follow a prescribed course of treatment may be excused by a plaintiff's lack of funds. *Tome v. Schweiker, 724 F.2d at 714.* Medicine or treatment an indigent person cannot afford is no more a cure for his condition than if it had never been discovered. To a poor person, a medicine that he cannot afford to buy does not exist. *Dover v. Bowen, 784 F.2d 335, 337 (8th Cir.1986); Benson v. Heckler, 780 F.2d 16, 18 (8th Cir.1985); Tome v. Schweiker, 724 F.2d 711, 714 (8th Cir.1984).*

The ALJ's reasoning for discounting the plaintiff's credibility, despite assertions of record as to his financial status, is inconsistent and troubling, particularly in light of the ALJ's clear duty to fully and fairly develop the record. The ALJ has a duty to do so, even in cases where the plaintiff is represented by counsel. *Bishop v. Sullivan, 900 F.2d 1259, 1262 (8th Cir.1990).* It should be noted that plaintiff's mother testified at the hearing, and stated that she had attempted to take the plaintiff to the Emergency Department at the local hospital in El Dorado, Arkansas, but that personnel had refused to see him, without prepayment of $100.00 (T. 166). In addition, the ALJ does not mention, much less discuss, plaintiff's allegations as to the effect his lack of finances had on his ability to obtain treatment and medications. Nonetheless, the lack of treatment and prescription medication is the primary basis for discounting the plaintiff's credibility.

The Court recognizes that the ALJ's decision may be the same after proper analysis on remand, but proper analysis is required. *Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir.1991).*

-11-

**Conclusion:**

Accordingly, we conclude that the ALJ's decision denying benefits to the plaintiff is not supported by substantial evidence and should be reversed. We further conclude that this matter should be remanded to the Commissioner for reconsideration, to include a more thorough analysis and discussion of plaintiff's subjective complaints and his alleged physical impairments, keeping in mind his asserted lack of finances, and to cause a more thorough examination of the plaintiff, if deemed necessary.

ENTERED this 13th day of July, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)